| | | |
|---|---|---|
| **JOSHUA FELIX, JR.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-6262** |
| | * | |
| **BETTY FELIX** | * | **SECTION "B"(1)** |

## ORDER AND REASONS

Before the Court is Joshua Felix's appeal (Rec. Doc. No. 3) from the grant of summary judgment by the U.S. Bankruptcy Court for the Eastern District of Louisiana in favor Betty Felix[1] and against Plaintiff. Ms. Felix has filed a response (Rec. Doc. No. 9) to the appeal. After review of the briefs and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the ruling of the Bankruptcy Court is **AFFIRMED**.

*BACKGROUND*

This appeal arises from the entry of summary judgment in the adversarial proceeding below, which resulted in the bankruptcy court's dismissal of Joshua Felix's claims against Betty Felix. Joshua and Betty Felix were domiciled in Louisiana during their marriage. Hurricane Katrina forced the couple to evacuate to Nashville, Tennessee, where Ms. Felix filed for divorce in June

---

[1] Betty Felix's name was changed to Betty Jo Jones as a result of a divorce decree issued by a Tennessee court. (Appellant's Br. 2 n.2; Appellee's Br. 3 n.1.) However, to remain consistent with the names listed in the caption of this case, this opinion will refer to Ms. Jones as Ms. Felix.

1

2006.  After being served with the Tennessee complaint (*see* Rec. Doc. No. 6-6), Mr. Felix consulted a Louisiana attorney about the divorce action but failed to file an answer to Ms. Felix's complaint until January 19, 2007 (*see* Rec. Doc. No. 6-8).  The Tennessee court then granted a default judgment in favor of Ms. Felix on January 26, 2007, and set the matter for a February 6, 2007, hearing.  (*See* Rec. Doc. No. 6-7.)  Although this order was served upon Mr. Felix and his Louisiana counsel, Mr. Felix made no appearance at the February 6 hearing.  (Appellee's Br. 4.)  The Tennessee court then entered a default judgment against Mr. Felix on March 26, 2007, after hearing testimony from three witnesses[2] and awarded Ms. Felix a default divorce, alimony and spousal support, attorney's fees and costs, and the right to use her maiden name.  (*See* Rec. Doc. No. 6-9.)  Mr. Felix did not appeal the Tennessee court's default judgment.

Mr. Felix then filed for bankruptcy due to his inability to pay the judgment awarded by the Tennessee court (Appellant's Br. 5), and Ms. Felix filed proofs of claim and objections to Mr. Felix's proposed Chapter 13 plan for failing to list alimony and other payments awarded to Ms. Felix during the Tennessee divorce proceeding (Appellee's Br. 4).  As a result, Mr. Felix filed an

---

[2]Although one of these three witnesses has sworn that she did not testify during the March 26, 2007, proceeding (*see* Rec. Doc. No. 6-14), this discrepancy is immaterial and thus irrelevant to the bankruptcy court's summary judgment determination.

adversary proceeding in the bankruptcy court to seek a determination that the Tennessee court's judgment against him was void. (*See* Rec. Doc. No. 4.) Mr. Felix also filed a Motion to Set Aside Judgment in the Tennessee court (*see* Rec. Doc. No. 5-17), which that court dismissed (*see* Rec. Doc. No. 6); Mr. Felix never appealed that order of dismissal (Appellee's Br. 5). After hearing the parties' cross-motions for summary judgment, the bankruptcy court then granted summary judgment in favor of Ms. Felix and against Mr. Felix, disposing of the adversarial proceeding. (Rec. Doc. No. 7-18.)

*DISCUSSION*

**I. Jurisdiction**

Appellant Joshua Felix filed a notice of his appeal on August 2, 2009—eleven days after the U.S. Bankruptcy Court entered summary judgment in favor of Ms. Felix on July 22, 2009. However, Federal Rule of Bankruptcy Procedure 8002(a) requires the notice of appeal to be filed with the clerk within ten days after entry of the judgment or order being appealed.

Although Mr. Felix's notice of appeal was filed late, the Court still retains jurisdiction to hear his appeal. Federal Rule of Bankruptcy Procedure 9030 states, "These rules shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein." *See also Kontrick v. Ryan*, 540 U.S. 443, 453-54 (2004). As such, the Court will now consider the

merits of Mr. Felix's appeal.

**II. Standard of Review**

The standard of review that a district court must apply when deciding a bankruptcy appeal is the same as that applicable to a court of appeal's review of a district court decision. *See* 28 U.S.C. § 158(c)(2). "[C]onclusions of law are reviewed de novo, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed de novo." *In re National Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000) (citing *Traina v. Whitney Nat'l Bank*, 109 F.3d 244, 246 (5th Cir. 1997)). A grant of summary judgment by a bankruptcy court is reviewed de novo. *Id.* (citing *Exxon Corp. V. Baton Rouge Oil & Chem. Workers Union*, 77 F.3d 850, 853 (5th Cir. 1996)).

**III. Analysis**

Mr. Felix seeks reversal of the bankruptcy court's grant of summary judgment to Ms. Felix, entitling her to collect the spousal support and alimony funds that she was awarded in the Tennessee court's divorce judgment. The Tennessee court's judgment is a final judgment that this Court lacks jurisdiction to alter. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (explaining that domestic relations matters are solely limited to state court relief); *Morris v. Jones*, 329 U.S. 545, 550-51 (1947) (explaining that a default judgment has a preclusive effect when entered by a court that has proper jurisdiction over the parties and the subject

4

matter), *cited in In re Montgomery*, 200 F. App'x 320, 322 (5th Cir. 2006). As such, the relief sought by Mr. Felix falls outside the subject-matter jurisdiction of this Court. Furthermore, Mr. Felix had ample opportunity to contest the state court judgment by filing an appeal with the state court in Tennessee. Mr. Felix failed to do so, and, although he contends that he was unable to obtain Tennessee counsel, the record shows that he did in fact retain Tennessee counsel with whom he failed to cooperate when said counsel was preparing his state court appeal. (*See* Appellant's Br. 6; Rec. Doc. No. 5-4.)

Mr. Felix claims that he was a victim of fraud, which vitiates the preclusive effect of the Tennessee court's judgment. Although courts recognize fraud as an exception to res judicata with respect to default judgments, *Morris*, 329 U.S. at 550-51, such fraud must be pled with particularity, *see* Fed. R. Civ. P. 9(b). In his brief, Mr. Felix has made only generalized allegations of fraud, which are insufficient to overcome the preclusive effect of the Tennessee court's judgment. *See id.* "At a minimum, [Rule 9(b)] requires that the plaintiff allege the time, place and contents of the alleged misrepresentation, as well as the identity of the person making them." *Keith v. Stoelting, Inc.*, 915 F.2d 996, 1000 (5th Cir. 1990). Under this standard, Mr. Felix's allegations are fatally vague. Although he generally accuses Ms. Felix and her witnesses of providing false and misleading testimony to the

5

Tennessee court, leading to the entry of a final default judgment against him, Mr. Felix fails to state what the witnesses actually said and how that testimony was fraudulent or misleading.

Furthermore, Mr. Felix has anchored his allegations of fraud in his theory that Raven Felix was fraudulently induced to attend the default judgment hearing in Tennessee. However, Mr. Felix also insists that Raven Felix did not testify at this hearing. (Appellant's Br. 4, 7.) As such, to the extent that fraud might have been used to convince Raven Felix to travel to Tennessee to attend the hearing, Mr. Felix's insistence that Raven did not testify fatally weakens his argument that her presence at the proceeding somehow defrauded the Tennessee court.

The fraud exception to res judicata applies when a fraudulent act prevents a party from raising a valid defense. *See Margolis v. Nazareth Fair Grounds & Farmers Market, Inc.*, 249 F.2d 221, 224-25 (2d Cir. 1957) (finding that the judgments presented to the bankruptcy court were fraudulently obtained and not founded on any real debt due to the unenforceable nature of the underlying contracts). In this case, however, Mr. Felix was properly served with Ms. Felix's complaint filed in the Tennessee court and also received notice of the default judgment hearing; even after receiving this notice, Mr. Felix failed to appear at the hearing to defend his interests. Because Mr. Felix received notice of all Tennessee proceedings, there was no fraud perpetrated on Mr. Felix

that prevented him from raising defenses in that forum.

Mr. Felix also claims that Bankruptcy Judge Magner abused her discretion by refusing to grant a continuance of the summary judgment motion hearing or to allow him to file a supplemental memorandum past the filing deadline. Unsurprisingly, Mr. Felix fails to cite any case law in his brief supporting his foolish proposition that a judge must grant continuances or accept supplemental filings submitted past the filing deadline; as such, this Court finds that Bankruptcy Judge Magner has not abused her discretion by refusing to grant a continuance or to allow Mr. Felix to file his supplemental brief. Furthermore, even if Judge Magner had considered Mr. Felix's supplemental memorandum (*see* Rec. Doc. No. 7-15), the filing fails to raise any issues of material fact that the bankruptcy court would be able to consider. All issues raised in the supplemental brief should have been raised by Mr. Felix in Tennessee state court, as they pertain to the amount that the state court awarded to Ms. Felix in the divorce judgment.

Because the fraud exception to res judicata does not apply in this case, the bankruptcy court properly granted summary judgment in favor of Ms. Felix. Although Mr. Felix claims that the contradictory affidavits by Raven Felix constitute a genuine issue of material fact, this Court finds that the discrepancy between the two affidavits is immaterial because it pertains to the value of Mr. Felix's assets—a matter that should have been litigated before

7

the Tennessee state court.  Accordingly, the instant appeal is **DISMISSED** and appellant is assessed all costs for same.

New Orleans, Louisiana, this 3rd day of November, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE